UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARL ALONZO BROOKS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>STEPHEN D. SINCLAIR.,<br><br>　　　　　Respondents. | No. C10-5794BHS<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

   This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 24) and Petitioner's ("Brooks") objections to R&R (Dkt. 28). The Court has considered the R&R, Brooks' objections, and the remaining record and hereby adopts the R&R for the reasons discussed herein.

   This cases arises out of Brooks' habeas corpus petition filed under 28 U.S.C. § 2254. Dkt. 4. Brooks challenges his 1978 state court conviction by guilty plea. Specifically, Brooks seems to contend that the state breached the plea agreement and that the Indeterminate Sentence Review Board (IRSB) lacked authority to restructure his minimum terms.

   Significantly, Brooks previously filed a 2004 habeas petition claiming a breach of the plea agreement on similar, if not the same grounds.

   On January 26, 2011, Magistrate Judge Strombom recommended transferring the case to the Ninth Circuit as a successive petition because, in such cases, "this Court lacks jurisdiction" to hear the matter absent leave from the Ninth Circuit to file a successive petition. Dkt. 24 at 5. On February 11, 2011, Brooks objected to the R&R on the basis that

ORDER – 1

1  he was not filing a successive petition but rather seeking declaratory and injunctive relief
2  from the state's breach of his plea agreement. *See, e.g.,* Dkt. 28 at 3.

3        Brooks' objections fail to overcome the fact that he has filed a second or successive
4  petition for a writ of habeas corpus – the first being filed in 2004 – without leave from the
5  Ninth Circuit. Thus, Brooks must first seek leave from the Ninth Circuit before proceeding
6  on this second or successive habeas petition (Dkt. 4) in this Court. *See id*.

7        Based on the foregoing, the Court lacks jurisdiction to consider Brooks' position at
8  this time and must transfer the matter to the Ninth Circuit. *See, e.g.,* Ninth Circuit Rule 22-
9  3(a).

10       Therefore, the Court **ADOPTS** the R&R for the reasons stated herein. This matter
11 shall be administratively closed and the case is **TRANSFERRED** to the Ninth Circuit Court
12 of Appeals pursuant to Circuit Rule 22-3(a).

13       DATED this 17th day of March, 2011.

                                          BENJAMIN H. SETTLE
                                          United States District Judge

28 ORDER – 2