UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARL ALONZO BROOKS,

    Petitioner,

v.

STEPHEN D. SINCLAIR,

    Respondent.

CASE NO. C10-5794BHS

ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING THE PETITION AS TIME-BARRED, AND DENYING CERTIFICATE OF APPEALABILITY

    This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 42), and Petitioner Carl Alonzo Brooks's ("Brooks") objections to the R&R (Dkts. 43, 44, & 45).

**I. PROCEDURAL AND FACTUAL HISTORY**

    On November 15, 2010, Brooks filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 alleging that the Indeterminate Sentence Review Board ("ISRB") denied his "guaranteed right to early parole release" during an October 2008 early parole release hearing. Dkt. 4. On October 19, 2011, Judge Strombom issued the R&R recommending that the Court grant Brooks's motion to re-open the case, deny his motion to supplement, and grant Respondent's motion to dismiss Brooks's petition as time-barred. Dkt. 42.

ORDER - 1

Specifically, Judge Strombom found that, under 28 U.S.C. § 2244(d)(1), the federal statute of limitations governing Brooks's habeas petition began to run, at the very latest, on June 16, 2009 and therefore his petition filed October 25, 2011 was untimely. *Id*. at 22. In addition, Judge Strombom found that Brooks was not entitled to statutory tolling under § 2244(d)(2) because his pending personal restraint petition was not properly filed. *Id*. Finally, Judge Strombom found that, based on the facts and arguments submitted by Brooks, the time period for filing a petition was not subject to equitable tolling. *Id*. at 23-24.

On November 7, 2011, Brooks filed objections to the R&R. Dkt. 43. Brooks filed additional objections on November 16, 2011 (Dkt. 44) and on December 16, 2011 (Dkt. 45), which the Court is considering in reviewing the R&R. In his objections, Brooks argues that the Court should reject Judge Strombom's findings that he is not entitled to statutory tolling and hold that he had a pending personal restraint petition and therefore, is entitled to statutory tolling under § 2244(d)(2).

Under Rule 8(b) of the rules governing habeas petitions brought under § 2254 of the United States Code, the district court judge "must determine de novo any proposed finding or recommendation to which objection is made" and "may accept, reject, or modify any proposed finding or recommendation." Rule 8(b), Rules Governing Section 2254 Cases.

In this matter, the Court finds that Brooks has properly objected to Judge Strombom's findings that he was not entitled to statutory tolling under § 2244(d)(2). Brooks does not object to Judge Strombom's findings regarding the statute of limitations

under §2244(d)(1) or her finding that equitable tolling does not apply.  Also, Brooks does not object to Judge Strombom's recommendation that his motion to supplement be denied.  Therefore, the Court will engage in a de novo review of Judge Strombom's findings regarding statutory tolling.

While Brooks objects to Judge Strombom's findings regarding the timeliness of his petition, he makes no objection to her description of the procedural history in this case.  *See generally* Dkts. 43, 44, & 45.  Therefore, the Court will adopt the procedural history as it appears in the R&R.  Dkt. 42 at 2-15.

## II. DISCUSSION

The following statute of limitations governing habeas corpus petitions was established by the Antiterrorism and Effective Death Penalty Act ("AEDPA"):

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  When a petitioner seeks review of a state court conviction in the state's highest court, but does not file a petition for writ of certiorari in the United States Supreme Court, the one-year limitations period begins to run on the date the time for seeking certiorari expires. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  Under

Supreme Court Rule 13, the time period for seeking certiorari to the United States Supreme Court is ninety days. *Id*. at 1159.

**A.    Statutory Tolling**

Under § 2244(d)(2), "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, state court petitions rejected as untimely are not "properly filed" and are therefore not entitled to tolling under § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). In *Pace*, the Supreme Court specifically held that "time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." *Id*.

Here, Brook's personal restraint petition, filed in June of 2009, was dismissed as time barred by the Washington Court of Appeals (Dkt. 36-2, Exh. 38 ) and by the Washington Supreme Court in its order denying his motion for discretionary review (Dkt. 36-2, Exh. 39). Brooks did not file a petition for writ of certiorari in the United States Supreme Court. Judge Strombom concluded that Brooks was not entitled to statutory tolling because his petition was denied as time barred and therefore was never properly filed. Dkt. 42 at 22. Brooks filed his personal restraint petition in state court on June 15, 2009, complaining about the IRSB's October 2008 decision. Dkt. 35-4, Exh. 35. Therefore, June 16, 2009, is the latest date on which Brooks could argue the "factual predicate of the claim or claims presented could have been discovered through the

exercise of due diligence." § 2244(d)(1)(D).  Thus, the one-year statute of limitations period in which Brooks had to file his federal petition for habeas corpus expired on June 16, 2010, one year after the latest date on which Brooks could claim to have learned about the ISRB's October 2008 decision.  Dkt. 42 at 22.

In his objections to the R&R, Brooks maintains that he is entitled to statutory tolling for the period in which his personal restraint petition, filed June 15, 2009, was pending in state court.  *See* Dkt. 43 at 6.  However, the Court concludes that Brooks fails to show that he had a *properly filed* personal restraint petition that would entitle him to statutory tolling as the Washington Court of Appeals and the Washington Supreme Court found that his claims were time-barred.  *See* Dkt. 36-2, Exhs. 38 & 39; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (a state court petition rejected as untimely is not properly filed, and therefore is not entitled to statutory tolling under §2244(d)(2)).  Thus, the Court concludes that Brooks is not entitled to statutory tolling under § 2244(d)(2) and the federal statute of limitations began to run on his habeas corpus petition, at the latest, on June 16, 2009 and expired on June 16, 2010.  Therefore, his federal habeas petition filed October 25, 2010, was untimely and is dismissed as time barred.

**B.     Additional Objections**

The Court notes that Brooks makes additional objections to the R&R based on Respondent's failure to object to the first R&R (Dkt. 24) issued January 26, 2011.  Although Respondent could have filed an objection to the first R&R, he was not required to and the Court addressed Brooks's objections in the order adopting the first R&R (Dkt. 30).  Accordingly, these objections have no bearing on the Court's conclusion, as

1  discussed above, that the R&R is adopted and Brooks's petition is dismissed as time
2  barred.

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b), a petitioner may not appeal the final order in a habeas corpus proceeding in which the detention complained of arises out of a state court proceeding or in a proceeding under 28 U.S.C. § 2255 unless the district court or the Ninth Circuit issues a certificate of appealability identifying the particular issues that may be pursued on appeal. *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Rule 11(a) of the rules governing § 2254 habeas cases requires that the district court issue or deny a certificate of appealability when it enters a final order that is adverse to the petitioner. Rule 11(a), Rules Governing Section 2254 Cases.

To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. A petitioner must also demonstrate that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the denial is based on procedural grounds, a petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

1     Having reviewed the record in its entirety in this case, the Court concludes that the

2 determination that Brooks's petition is time barred is not debatable among reasonable

3 jurists. Therefore, the Court declines to issue Brooks a certificate of appealability.

### IV. ORDER

5     Therefore, the Court having considered the Report and Recommendation,

6 Brooks's objections, and the remaining record, does hereby find and ORDER that:

7     (1)    The Court adopts the Report and Recommendation;

8     (2)    Brooks's § 2254 petition is **DISMISSED with prejudice** as time barred;

9 and

10     (3)    Brooks is not entitled to a certificate of appealability.

11 Dated this 28th day of December, 2011.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge